YAAKOV M. ROTH
Acting Assistant Attorney General
SARAH L. VUONG
Assistant Director
WILLIAM H. WEILAND
Senior Litigation Counsel
ANNA L. DICHTER
LAUREN BRYANT
JEFFREY HARTMAN
LUZ MARIA RESTREPO
CATHERINE ROSS
ERIC SNYDERMAN
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-2405
Facsimile: (202)-305-7000
E-mail: Anna.L.Dichter@usdoj.gov

Attorneys for Defendants.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CASA, INC. and MAKE THE ROAD NEW YORK,<br><br>          Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY.<br><br>        Defendants. | CASE NO. 8:25-CV-00525-GLR<br><br>DEFENDANTS' MOTION TO STAY PARTIAL SUMMARY JUDGMENT BRIEFING AND OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED HEARING<br><br><br>Honorable George Levi Russell<br>United States District Judge |

Defendants respectfully oppose Plaintiffs' motion for expedited hearing and request a stay of further briefing on Plaintiffs' motion for partial summary judgment (ECF No. 8-1) until: (1) Defendants have filed a response to the complaint and (2) a scheduling order is entered. Under the local rules, Defendants' response to the motion for partial summary judgment is due on March 17, 2025. *See* LR 105(2)(a). Yet Defendants' response to the complaint is not due until April 28, 2025. Defendants therefore ask that the Court stay briefing, the requested hearing, and ruling on the motion for partial summary judgment. In the alternative, Defendants' request that the Court deny Plaintiffs' motion without prejudice until such time as Defendants' have had a meaningful opportunity to respond to Plaintiffs' complaint in the ordinary course. A stay of briefing on Plaintiffs' partial summary judgment motion is particularly warranted as Defendants intend to file a motion to dismiss, the adjudication of which may result in dismissal of some or all of Plaintiffs' claims. If this Court declines to stay briefing, Defendants respectfully request that the Court enter a schedule for briefing that comports with L.R. 105.2.a.

1.      **Procedural Background**

On February 20, 2025, Plaintiffs filed a complaint challenging two of Secretary Noem's recent decisions relating to Temporary Protected Status (TPS) status of Venezuelans residing in the United States: (1) vacating a recently-enacted extension of TPS protections for Venezuelans; and (2) terminating TPS for Venezuelans who registered for status in 2023. Plaintiffs allege that these two determinations violate the Administrative Procedure Act (APA), the Equal Protection Clause, and Substantive Due Process protections of the Fifth Amendment. ECF No. 1.

On March 3, 2025, a mere six days after serving their complaint, Plaintiffs filed a motion for partial summary judgment. ECF No. 8-1. Plaintiffs request that the Court "declare the Vacatur and Termination unlawful and of no effect, declare that the January 2025 Extension remains in

1

effect and that any termination of it can take effect no sooner than October 3, 2026, and retain jurisdiction to order 'further relief' pursuant to 28 U.S.C. § 2201 as may be appropriate." ECF No. 8-1 at 28.[1] Two days later, Plaintiffs filed a request for an expedited hearing on their motion for partial summary judgment, wherein they ask the Court to schedule a hearing between March 25, 2025, and April 4, 2025, but at the very least "prior to April 7, 2025." ECF No. 25 at 1.

**2.    Legal Standard**

The Supreme Court has explained that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *U.S. ex rel. Tusco, Inc. v. Clark Constr. Grp.*, 235 F. Supp. 3d 745, 755 (D. Md. 2016) (internal citations and quotation marks omitted) ("When considering a motion to stay, the court takes into consideration economy of time and effort for the court, counsel, and litigants and weighs competing interests to maintain an even balance."). The Court should consider whether a stay would promote judicial economy and the hardship and burden on the respective parties if a stay is granted. *See Nat'l Ass'n for Advancement of Colored People v. United States Dep't of Homeland Sec.,* No. CV DKC 18-0239, 2020 WL 1331998, at *3 (D. Md. 2020) (granting stay); *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 730 (D. Md. 2018) (same). The party seeking a stay "bears the burden of establishing its need." *Clinton,* 520 U.S. at 708.

---

[1] Citations to page numbers refer to the pagination of the referenced document, as opposed to the ECF pagination.

3.    **Argument**

Plaintiffs' partial summary judgment motion is an unusual and inappropriate attempt to accelerate this Court's resolution of a matter impinging upon the border and national security and foreign policy of the United States. Such a case should unfold in the ordinary course, allowing for a full and thoughtful development of the factual record, and fulsome briefing on the legal questions at issue. Furthermore, a stay of the briefing, hearing, and ruling on Plaintiffs' motion for partial summary judgment is also appropriate here because Defendants' forthcoming motion to dismiss will be based on the threshold question of whether this Court has jurisdiction over Plaintiffs' claims for relief, such that a ruling in Defendants' favor may result in dismissal of this matter entirely, or at least limit the claims before this Court. *Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits.").

Specifically, Defendants will argue that the Court lacks jurisdiction to review both the *Vacatur of 2025 Temporary Protected Status Decision for Venezuela*, 90 Fed. Reg. 21, 8805 (Feb. 3, 2025) and the *Termination of the October 3, 2023 Designation of Venezuela for Temporary Protected Status*, 90 Fed. Reg. 9040 (Feb. 5, 2025). *See* 8 U.S.C. § 1254a(b)(5)(A) ("There is no judicial review of any determination of the [Secretary] with respect to the designation, or termination or extension of a designation, of a foreign state under this subsection."). In addition, Defendants may also challenge the associational standing of Plaintiffs in this case, a potential factual dispute that is not yet ripe for resolution. *See Nat'l Fed'n of the Blind, Inc. v. Wal-Mart Assocs., Inc.*, 566 F. Supp. 3d 383, 395 (D. Md. 2021) ("An organization asserting associational standing must show that . . . its members would otherwise have standing to sue in their own right . . ."); *La Union del Pueblo Entero v. Ross*, 353 F. Supp. 3d 381, 391 (D. Md. 2018) (acknowledging that "organizations cannot rely on a 'statistical probability that some of [its]

members are threatened with concrete injury . . .'") (citations omitted). Further, as a practical matter, the certified administrative record in this case has not yet been produced, leaving the factual record before the Court grossly lacking.

Thus, it would be judicially inefficient for the parties to fully brief and present oral arguments for the Court's consideration on the issues addressed in Plaintiffs' motion for partial summary judgment before the Court decides the threshold issue of whether it even has subject matter jurisdiction in this case. For this reason, a stay is warranted to promote the orderly course of justice and preserve judicial economy. *See U.S. ex rel. Tusco, Inc.*, 235 F. Supp. 3d at 755. Such a stay would also allow both the Court and the Parties to manage the claims that remain, if any, after adjudication of the motion to dismiss.

Staying the partial summary judgment motion and allowing this case to proceed in the normal course would not prejudice Plaintiffs, where they seek to circumvent conventional litigation procedures. However, the prejudice to Defendants if the partial summary judgment briefing is not stayed would be significant, especially given the public safety and national security implications of unduly rushing this case to judgment. For example, among the several considerations noted by the Secretary in making her determination:

> TPS has allowed a significant population of inadmissible or illegal aliens without a path to lawful immigration status to settle in the interior of the United States, and the sheer numbers have resulted in associated difficulties in local communities where local resources have been inadequate to meet the demands caused by increased numbers. Among these Venezuelan nationals who have crossed into the United States are members of the Venezuelan gang known as Tren de Aragua. Tren de Agua has been blamed for sex trafficking, drug smuggling, police shootings, kidnappings, and the exploitation of migrants. The United States has sanctioned the gang and placed it on a list of transnational criminal organizations. In Executive Order 14157, *Designating Cartels and Other Organizations as Foreign Terrorist Organizations and Specially Designated Global Terrorists*, the President determined that Tren de Aragua's campaign of violence and terror poses threats to the United States.

2025 Termination, 90 Fed. Reg. at 9042-43.

Ultimately, Plaintiffs seek to deprive Defendants of a reasonable opportunity to respond to the allegations of the complaint by taking advantage of Federal Rule of Civil Procedure 56(b)'s expansive timeframe to file a motion for summary judgment. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Neither the Federal Rules of Civil Procedure nor the Local Rules for this jurisdiction, however, require that the Parties and the Court move forward on the motion for partial summary judgment before Defendants have had an opportunity to respond to the complaint or build the record.

On the contrary, the Advisory Committee notes for Rule 56 encourage courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." Fed. R. Civ. P. 56 advisory committee's note (2010 amendments). Staying the briefing of the motion for partial summary judgment will ensure that Defendants have sufficient time to respond to the complaint through its anticipated motion to dismiss—a right that is protected by Rule 12.

Accordingly, Defendants respectfully request that the Court enter an order staying briefing, the hearing, and ruling on Plaintiffs' motion for partial summary judgment pending a decision from the Court on Defendants' forthcoming motion to dismiss. Should any claims remain after a decision is rendered on Defendants' motion to dismiss, the Parties will submit a proposed case management order to address the filing of the administrative record and schedule for summary

judgement briefing. Alternatively, Defendants request that the Court deny Plaintiffs' motion without prejudice, to be refiled in accordance with a scheduling order set by the Court after Defendants' have responded to the complaint.

Dated: March 7, 2025                              Respectfully submitted,

                                                 YAAKOV M. ROTH
                                                 Acting Assistant Attorney General

                                                 SARAH L. VUONG
                                                 Assistant Director

                                                 WILLIAM H. WEILAND
                                                 Senior Litigation Counsel

                                                 ERIC SNYDERMAN
                                                 LAUREN BRYANT
                                                 CATHERINE ROSS
                                                 LUZ MARIA RESTREPO
                                                 Trial Attorneys

                                                 /s/ *Anna L. Dichter*
                                                 ANNA L. DICHTER
                                                 Trial Attorney
                                                 U.S. Department of Justice, Civil Division
                                                 Office of Immigration Litigation
                                                 General Litigation and Appeals Section
                                                 P.O. Box 868, Ben Franklin Station
                                                 Washington, DC 20044
                                                 Tel: (202) 353-2405
                                                 Anna.L.Dichter@usdoj.gov

                                                 *Attorneys for the Defendants*