UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                                                                     101 West Lombard Street
**GEORGE L. RUSSELL, III**                                                   Baltimore, Maryland 21201
Chief United States District Judge                                                        410-962-4055

March 11, 2025

MEMORANDUM TO COUNSEL RE:        CASA, Inc. et al v. Noem et al
                                                                  Civil Action No. GLR-25-0525

Dear Counsel:

Pending before the Court is Defendants' Motion to Stay and Opposition to Plaintiffs' Request for Expedited Hearing (ECF No. 27). The Court has determined that a hearing is not necessary to resolve the pending Motion to Stay. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will stay briefing on Plaintiffs' Motion for Partial Summary Judgment until such time after the Government responds to the Complaint in accordance with the Federal Rules of Civil Procedure.

**Background**

Plaintiffs CASA, Inc. and Make the Road New York (collectively, "Plaintiffs") allege that United States Department of Homeland Security Secretary Kristi Noem's decision to vacate the previous extension of Temporary Protected Status for Venezuela and terminate Temporary Protected Status for certain Venezuelans violates the Administrative Procedure Act. (Compl. ¶¶ 1–7, 122–143, ECF No. 1). Plaintiffs also bring claims under the Equal Protection Clause of the United States Constitution as incorporated by the Fifth Amendment along with substantive due process claims. (Id. ¶¶ 144–151).

Plaintiffs filed their initial Complaint on February 20, 2025 (ECF No. 1). Plaintiffs filed a Partial Motion for Summary Judgment on March 3, 2025, (ECF No. 8). Plaintiffs filed a Request for Expedited Hearing on their Motion for Partial Summary Judgment on March 5, 2025. (ECF No. 25). The Government filed the instant Motion to Stay and Opposition to Plaintiffs' Motion for an Expedited Hearing on March 7, 2025. (ECF No. 27). On March 10, 2025, Plaintiffs filed an Opposition to the Government's Motion to Stay and a Cross-Motion for a Stay on Agency Action. (ECF Nos. 29, 32). On March 10, 2025, Plaintiffs filed a Reply in Support of their Request for a Hearing. (ECF No. 30).

**Standard of Review**

"[T]he power to stay proceedings is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The exercise of this power is especially important "in cases of extraordinary public moment" where a party "may be required to

submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." Clinton v. Jones, 520 U.S. 681, 707 (quoting Landis, 299 U.S. at 256). Nevertheless, the burden of showing the necessity for a stay rests with the moving party and is heightened when a stay will "work damage" to another party. Landis, 299 U.S. at 255. "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

When considering a discretionary motion to stay, courts typically examine three factors: (1) the impact of the stay on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005); see also, e.g., Mullins v. Suburban Hosp. Healthcare Sys., Inc., No. PX-16-1113, 2017 WL 3023282, at *1 (D.Md. July 17, 2017).

**Analysis**

The Government argues that a limited stay on briefing for Plaintiffs' Partial Motion for Summary Judgment is warranted so that it could properly respond to Plaintiffs' Complaint and address threshold issues of jurisdiction in its response to the Complaint, which it asserts this Court lacks. (Defs.' Mot. Stay Partial Summ. J. Briefing and Opp'n Pls.' Mot. Expedited Hr'g ["Mot."] at 2,[1] ECF No. 27). Additionally, the Government argues Plaintiffs' Motion for Partial Summary Judgment is premature because a full factual record has yet to be developed. (Id. at 4). The Court will grant the limited stay for the reasons set forth below.

First, the Government raises threshold issues of jurisdiction and standing that it seeks to assert in its response to Plaintiffs' Complaint. (Id.). In light of the significant jurisdictional questions at play, the Court agrees that fulsome briefing on these threshold issues is necessary before this Court reaches the merits of Plaintiffs' Complaint. Plaintiffs counter that the Government is free to raise these issues in Opposition to Plaintiffs' Motion for Partial Summary Judgment. (Pl.'s Opp'n Govt.'s Mot. Stay ["Opp'n"] at 15–16, ECF No. 32). While Plaintiffs are correct, the Government also correctly points out that its Answer is not due until April 28, 2025. (Mot. at 2). The Government argues this later deadline would give it more appropriate time to brief these jurisdictional issues. (Id.); see also Fed.R.Civ.P. 56 advisory committee's note (2010 amendments) (explaining that in many cases a motion for summary judgment "will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."). Last, Plaintiffs also cite to a pending case in another district to show the Government's ability to respond to Plaintiffs' Partial Motion for Summary Judgment. (Opp'n at 8). While that may be true, the Court is assessing only the pleadings presently before it at this time.

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Second, the Government asserts it will suffer a hardship if a stay is not granted and cites to Secretary Noam's reasoning in her termination decision, including threats to national security. (Mot. at 5) (quoting 2025 Termination, 90 Fed. Reg. at 9042–43). These concerns are sufficient for the limited stay on briefing for Plaintiffs' Motion. See Trump v. Hawaii, 585 U.S. 667, 686 (2018) (explaining broad authority the executive is traditionally afforded in areas of national security).

Third, although there is potentially severe prejudice to Plaintiffs as a result of the limited stay because Plaintiffs' temporary protected status will expire on April 7, 2025, (Compl. ¶ 68), Plaintiffs are presently less prejudiced because they have other procedural tools to seek expedited relief available in this case but have thus far declined to use them. To be sure, there is no emergency motion pending at this time, so the Court need not address whether Plaintiffs would be able to show a clear likelihood of success on the merits in such a motion. In any event, given the lack of clarity regarding the scope of the Government's authority in this arena, along with other jurisdictional barriers or other defenses that may be raised, a limited stay on Plaintiffs' Motion for Partial Summary Judgment is appropriate at this stage of the litigation to afford the Government adequate time to respond to Plaintiffs' Complaint in the first instance, even if this factor weighs in favor of Plaintiffs.

The Court is also in receipt of Plaintiffs' Request for a Hearing. (ECF No. 25). Whether to order a hearing is within the Court's sole discretion. See United States Fidelity and Guaranty Co. v. Lawrenson, 334 F.2d 464, 466-67 (4th Cir.), cert. denied, 379 U.S. 869 (1964) ("The wisdom of leaving a hearing to the discretion of the district court is obvious."); Local Rule 105.6 (D.Md. 2023) (Unless otherwise ordered by the Court . . . all motions shall be decided on the memoranda without a hearing."). At this time, the Court declines to schedule a hearing with respect to Plaintiffs' Motion for Partial Summary Judgment but may revisit this once the Motion is fully briefed.

Finally, the Court notes that a Stay on briefing for Plaintiffs' Motion for Partial Summary Judgment does not apply to Plaintiffs' Cross-Motion to Stay Agency Action under Section 705 of the Administrative Procedure Act, 5 U.S.C. § 705, filed on March 10 and March 11, 2025. (ECF Nos. 29, 32).

### **Conclusion**

For the foregoing reasons, Defendants' Motion to Stay (ECF No. 27) is GRANTED. Briefing on Plaintiffs' Partial Motion for Summary Judgment is STAYED pending the Government's response to the Complaint and any resolution of said response. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
Chief United States District Judge