IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CASA, INC., *et al.*,<br><br>                     Plaintiffs,<br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>                     Defendants. | Case No. 8:25-cv-00525 |

**MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF BY THE
IMMIGRATION REFORM LAW INSTITUTE
IN SUPPORT OF DEFENDANTS AND IN OPPOSITION TO
PLAINTIFFS' CROSS-MOTION FOR A STAY OF AGENCY ACTION**

In accordance with Fed. R. Civ. P. 7, *amicus* Immigration Reform Law Institute ("IRLI") respectfully seeks this Court's leave to file the accompanying *amicus curiae* brief in support of Defendants and in opposition to Plaintiffs' motion for a stay of agency action. Counsel for *amicus* IRLI has conferred with counsel for all parties. Defendants do not oppose this motion, and Plaintiffs oppose on the ground that IRLI's filing today would be "prejudicial to Plaintiffs' time" to file their reply, due in two days, and to file proposed findings of fact and conclusions of law, due in three days. In furtherance of this motion, *amicus* IRLI states as follows:

1.     IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization.

1

2. "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, the appellate rules' criteria for granting leave to file *amicus* briefs can be looked to to support IRLI's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

3. IRLI's proffered brief will bring the following matters to the Court's attention:

   a. The statutory bar to judicial review under 8 U.S.C. § 1254a(b)(5)(A) encompasses Plaintiffs' claims because the claims challenge a "determination

      of the [Secretary]. . . with respect to the designation . . . of a foreign state under this subsection."

   b. Because this Court lacks subject matter jurisdiction over Plaintiffs' claims due to the statutory bar under 8 U.S.C. § 1254a(b)(5)(A), Plaintiffs lack a likelihood of success on the merits, and their stay motion should be denied.

Because these issues are relevant to this Court's decision, IRLI's brief may aid the Court.

For the foregoing reasons, IRLI respectfully requests that the Court grant its motion for leave to file the accompanying brief as *amicus curiae*.

Dated: March 24, 2025                Respectfully submitted,

                                            s/ Dan Stein
                                            DANIEL A. STEIN
                                            Federation for American Immigration Reform
                                            25 Massachusetts Ave., NW, Suite 330
                                            Washington, DC 20001
                                            (202) 328-8623
                                            dstein@fairus.org

                                            CHRISTOPHER J. HAJEC*
                                            D.C. Bar No. 492551
                                            GABRIEL R. CANAAN*
                                            D.C. Bar No. 90025172
                                            Immigration Reform Law Institute
                                            25 Massachusetts Ave., NW, Suite 335
                                            Washington, DC 20001
                                            (202) 232-5590
                                            chajec@irli.org
                                            gcanaan@irli.org

                                            * pending *pro hac vice* admission

                                            Counsel for *Amicus Curiae*
                                            Immigration Reform Law Institute

**CERTIFICATION OF SERVICE**

I hereby certify that on March 24, 2025, the foregoing was served on all counsel of record via the Court's ECF system.

s/ Dan Stein
DANIEL A. STEIN
