# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| CASA, INC., *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>          Defendants. | Case No. 8:25-cv-00525 |

### BRIEF OF IMMIGRATION REFORM LAW INSTITUTE AS *AMICUS CURAIE* IN SUPPORT OF DEFENDANTS AND IN OPPOSITION TO PLAINTIFFS CROSS-MOTION TO STAY THE EFFECTIVE DATE OF AGENCY ACTION

DANIEL A. STEIN
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
(202) 328-8623
dstein@fairus.org

CHRISTOPHER J. HAJEC*
D.C. Bar No. 492551
GABRIEL R. CANAAN*
D.C. Bar No. 90025172
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
(202) 232-5590
chajec@irli.org
gcanaan@irli.org

*pending pro hac vice admission

Counsel for Amicus Curiae
Immigration Reform Law Institute

## INTEREST OF *AMICUS CURIAE*

The Immigration Reform Law Institute ("IRLI") is a non-profit 501(c)(3) public interest law firm dedicated to litigating immigration-related cases on behalf of, and in the interests of, United States citizens, and also to assisting courts in understanding and accurately applying federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of cases, including *Trump v. Hawaii*, 585 U.S. 667 (2018); *United States v. Texas*, 599 U.S. 670 (2023); *Ariz. Dream Act Coalition v. Brewer*, 855 F.3d 957 (9th Cir. 2017); *Wash. All. Tech Workers v. U.S. Dep't of Homeland Sec.*, 50 F.4th 164 (D.C. Cir. 2022); and *Matter of Silva-Trevino*, 26 I. & N. Dec. 826 (B.I.A. 2016). [1]

## SUMMARY OF ARGUMENT

Plaintiffs seek a stay of Defendants' administrative actions, but this Court cannot stay them unless Plaintiffs can show they are likely to succeed on the merits of their underlying claim that the actions should be vacated. Plaintiffs have no such likelihood. This Court lacks jurisdiction to review Plaintiffs' challenge to Secretary Noem's 2025 vacaturs of the 2021 and 2023 Temporary Protected Status ("TPS") extensions for Venezuelans. Congress has explicitly foreclosed judicial review of TPS determinations in 8 U.S.C. § 1254a(b)(5)(A), which provides: "There is no judicial review of any determination of the Secretary with respect to the designation, or termination or extension of a designation, of a foreign state under this subsection." Because Secretary Noem's actions constitute such a "determination" under the statute, the Court may not review Plaintiffs' claims.

---

[1] No counsel for a party authored this brief in whole or in part and no person or entity, other than *amicus curiae*, its members, or its counsel, has contributed money that was intended to fund preparing or submitting the brief.

1

## ARGUMENT

### I. Plaintiffs cannot succeed on the merits.

*A. Legal standard for an Administrative Stay under 5 U.S.C. § 705*

In determining whether to grant a stay under 5 U.S.C. § 705, courts employ a test similar to the test for whether to grant a preliminary injunction. The moving party must show: (1) a likelihood of success on the merits of its challenge to the agency action; (2) that it will suffer irreparable harm without a stay; (3) that the balance of equities favors granting relief; and (4) that a stay is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Nken v. Holder*, 556 U.S. 418, 434 (2009). When the government is the defendant, the balance of equities and public interest factors merge. Because a stay is an extraordinary remedy, courts require a "clear showing" that the movant meets each factor. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

*B. Plaintiffs cannot succeed on the merits because their claim is barred by statute.*

Congress has explicitly foreclosed judicial review of TPS determinations under 8 U.S.C. § 1254a(b)(5)(A), which provides: "There is no judicial review of any determination of the Secretary with respect to the designation, or termination or extension of a designation, of a foreign state under this subsection." This language is categorical: "any determination" by the Secretary "with respect to" a TPS designation, extension, or termination is shielded from judicial review, including, obviously, modifications or vacaturs of previous designations, since a modification or vacatur of a previous designation is a "determination" "with respect to" that designation.

Plaintiffs attempt to circumvent the statutory text by claiming that their claims do not challenge any "determination" of the Secretary, but rather alleged procedural defects of the determinations under the Administrative Procedure Act ("APA"). PSJ Motion at 11. But, quite

obviously, to allege that a determination has procedural defects is to challenge the determination, and review of such challenges is barred by the statute.

Plaintiffs also fundamentally misread the statute. They cite *Bowen v. Mich. Acad. Of Fam. Physicians,* 476 U.S. 667 (1986), to support their claim that § 1254a(b)(5)(A) bars review only of determinations made "under this subsection" and that, because their claims do not challenge actions taken by the DHS Secretary "under" that subsection, the bar does not apply. PSJ Motion at 13 (citing *Bowen v. Mich. Acad. of Fam. Physicians,* 476 U.S. 667 (1986)). The statute, however, bars judicial review of any determination related to a country's designation, termination, or extension of TPS status, and does not differentiate between substantive challenges (such as whether a country should be designated for TPS) and procedural challenges (such as whether the Secretary had the authority to vacate a decision). The phrase "under this subsection" modifies "designation . . . of a foreign state," meaning that the judicial review bar applies to any TPS designation, termination, or extension made under § 1254a(b). "[U]nder this subsection" means nothing else. Plaintiffs' claims thus fall squarely within § 1254a(b)(5)(A) because they challenge Secretary Noem's "determination . . . with respect to the designation of a foreign state" for TPS status.

Plaintiffs' reliance on *Johnson v. Robison,* 415 U.S. 361 (1974) is also misplaced. In that case, the plaintiff raised constitutional challenges that fell outside the statutory framework of Section 211(a) of the Veterans' Readjustment Assistance Act of 1952. The Court held that such claims could proceed because they did not challenge specific administrative determinations made under the statute. 415 U.S. 361, 367 (1974). Here, by contrast, Plaintiffs' claims—that the Secretary lacked authority to vacate an extension or terminate TPS before a certain date—directly challenge the Secretary's "determinations" regarding TPS designations. These claims fall squarely

3

within the scope of § 1254a(b)(5)(A), which expressly shields such determinations from judicial review. The Supreme Court's 2022 decision in *Patel v. Garland*, 596 U.S. 328 (2022), underscores that the phrase "any determination" in the context of a jurisdictional bar is expansive, and applies not only to claims about particular determinations made by the Secretary regarding TPS status, but the broader authority of the Secretary in making such determinations. *Patel*, 596 U.S. at 339. A determination with respect to a TPS designation, even if challenged under the Constitution, is still a determination with respect to a TPS designation, and courts lack jurisdiction to review it.

## CONCLUSION

For the foregoing reasons, Plaintiffs' cross-motion to stay the effective date of agency action should be denied.

Dated: March 24, 2025

Respectfully submitted,

s/ Dan Stein
DANIEL A. STEIN
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
(202) 328-8623
dstein@fairus.org

CHRISTOPHER J. HAJEC*
D.C. Bar No. 492551
GABRIEL R. CANAAN*
D.C. Bar No. 90025172
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
(202) 232-5590
chajec@irli.org
gcanaan@irli.org

* pending *pro hac vice* admission
Counsel for *Amicus Curiae*
Immigration Reform Law Institute

4

**CERTIFICATE OF SERVICE**

I certify that on March 24, 2025, the foregoing was served by filing a copy using the Court's ECF filing system, which will send notice of the filing to all counsel of record.

s/ Dan Stein<br>
DANIEL A. STEIN