UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CASA, INC. and MAKE THE ROAD NEW YORK,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    *Defendants*. | Case No.: 8:25-cv-00525-GLR |

## PLAINTIFFS' MOTION FOR CLARIFICATION REGARDING ORDER DISMISSING PLAINTIFFS' CROSS-MOTION TO STAY AGENCY ACTION AND MEMORANDUM IN SUPPORT

Plaintiffs CASA, Inc. ("CASA") and Make the Road New York ("MRNY") respectfully ask the Court for clarification of the Court's Order dated April 1, 2025 (ECF No. 49) denying Plaintiffs' Cross-Motion to Stay Agency Action (ECF No. 32) (the "Motion to Stay") as moot without prejudice.

On April 1, 2025, the Court denied as "moot" "without prejudice" Plaintiffs' Motion to Stay. *See* ECF No. 49. The sole basis for doing so was that the relief Plaintiffs seek—a stay of the purported vacatur of the January 17, 2025 extension of Temporary Protected Status ("TPS") for Venezuelans[1] (which extended TPS for Venezuela through October 2, 2026) and the subsequent termination of Venezuela's 2023 TPS Designation[2]—was already entered by another court. *See Nat'l TPS All. v. Noem*, No. 25-cv-1766-EMC, 2025 WL 957677, at *47 (N.D. Cal.

---

[1] Vacatur of 2025 Temporary Protected Status Decision for Venezuela, 90 Fed. Reg. 8805 (Feb. 3, 2025) (the "Vacatur").
[2] Termination of the October 3, 2023 Designation of Venezuela for Temporary Protected Status, 90 Fed. Reg. 9040 (Feb. 5, 2025) (the "Termination").

Mar. 31, 2025) (the "California Decision"). Plaintiffs are concerned, however, that Defendants are challenging the California Decision in ways that could undermine the basis for the Court's mootness conclusion and lead to exigent circumstances and substantive prejudice to Plaintiffs from the mootness order. Specifically, Defendants contend that the California Decision should not apply to parties like Plaintiffs and their members here who were not parties before the California court. Defendants' Emergency Motion to Stay the Order of Postponement Pending Appeal, *Nat'l TPS All. v. Noem*, Case No. 3:25-cv-1766 (N.D. Cal. Apr. 1, 2025), ECF No. 95 at 9–10 ("California Stay Motion"). If the California Decision is limited in that or other ways, Plaintiffs in this case—CASA, MRNY, and their members—will be deprived of getting protection from the Vacatur and Termination notwithstanding the merits of their arguments and having timely brought a petition for judicial review before this Court.

Accordingly, Plaintiffs seek clarification that in the event of changed circumstances concerning the California Decision, Plaintiffs may renew their Motion to Stay on the existing briefing such that it would be ripe for immediate action by the Court if that proves necessary. Given that this issue will only become relevant in exigent circumstances, Plaintiffs respectfully submit that obtaining this clarification now will provide necessary clarity regarding the process the parties should follow in the event that further interim relief from this Court is needed. Plaintiffs propose that, in that eventuality, the parties should meet and confer and file a joint status report within 24 hours specifying (a) the grounds on which Plaintiffs seek to renew their motion; (b) Defendants' position; and (c) the Parties' respective positions on whether supplemental briefing is necessary.

## BACKGROUND

As the Court knows, Plaintiffs challenge two actions by the Department of Homeland Security ("DHS") Secretary Kristi Noem—the Vacatur and the subsequent Termination. ECF No. 1 ¶¶ 1, 5–9. On March 3, 2025, Plaintiffs filed a Motion for Partial Summary Judgment challenging these actions as facially invalid. ECF No. 8. On March 11, 2025, the Court granted the Government's motion to stay that motion, but permitted briefing on Plaintiffs' Motion to Stay to proceed. ECF Nos. 33, 35. On March 31, 2025, Judge Edward M. Chen granted plaintiffs' motion to postpone the Vacatur and Termination in the California Decision. *Nat'l TPS All.*, 2025 WL 957677, at *47. On April 1, 2025, this Court *sua sponte* denied Plaintiffs' Motion to Stay as "moot" "without prejudice" in light of the California Decision. ECF No. 49.

On April 1, 2025, Defendants appealed the California Decision and moved to stay it. *See* Notice of Appeal, *Nat'l TPS All. v. Noem*, No. 3:25-cv-1766 (N.D. Cal. Apr. 1, 2025), ECF No. 94; California Stay Motion. Defendants reasoned that the stay was warranted because they were "likely to prevail on the merits of their appeal," essentially for the same reasons presented in their earlier briefs. California Stay Motion at 1–9. Defendants also requested that the Court "narrow the nationwide scope of its § 705 stay" "to encompass only the Plaintiffs (and their associated members) on the date their complaint was filed" in the California action. *Id.* at 9–10. Defendants argued both that "the record is insufficiently developed as to . . . the national scope of the injunction" and that the nationwide scope would "unnecessarily stymie novel legal challenges and robust debate arising in different judicial districts" and encourage "forum shopping." *Id.* at 10. Defendants argued that these "concerns are highly salient" in light of decisions to moot motions for postponement in other jurisdictions, citing this Court's ruling, ECF No. 49, and another in the District of Massachusetts. Order, *Haitian Ams. United Inc. et al v. Trump et al.*, No. 1:25-cv-

3

10498-RGS (D. Mass. Apr. 1, 2025), ECF No. 39.

On April 4, 2025, Judge Chen denied the motion to stay the postponement order pending appeal, reasoning that (1) the government failed to make a strong showing of a likelihood of success on the merits in the face of the law and facts he found in the California Decision; and (2) "if the Court were to order a stay of the postponement order pending appeal, that would mean hundreds of thousands of Venezuelan TPS holders would lose legal status in just a few days and thus be subject to removal—removal would effectively *moot out* the postponement order and the appeal thereof (at least with respect to the 2023 Designation)." Order Denying Defendants' Motion to Stay at 1–2, *Nat'l TPS All. v. Noem*, Case No. 3:25-cv-1766 (N.D. Cal. Apr. 4, 2025), ECF No. 102.

Defendants have sought an emergency stay in the Ninth Circuit, including a request to limit the California Decision as described above. Defendants' Motion to Stay Lower Court of Agency Proceedings, *Nat'l TPS All. v. Noem*, Case No. 25-2150 (9th Cir. Apr. 4, 2025), ECF No. 3. In their motion, Defendants requested that the court grant the stay by April 15, 2025. *Id.* at 20.

**ARGUMENT**

The Court has inherent authority to control its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (finding that courts have "'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Here, Plaintiffs' Motion to Stay was fully briefed and ready for decision on the date that the California Decision was issued. ECF Nos. 32, 36, and 43. Pursuant to the Court's order, Plaintiffs had also submitted Proposed Findings of Fact and Conclusions of Law. ECF No. 45. The timing of those submissions was critical because, under the Vacatur and Termination,

4

Venezuelan beneficiaries of TPS were set to lose employment authorization on April 2, 2025, and hundreds of thousands of them would lose their legal authorization to remain in the country under TPS on April 7, 2025. 90 Fed. Reg. at 8807, 9041. As a result of the California Decision, those deadlines have been postponed. To the best of Plaintiffs' knowledge, DHS appears to be complying with the California Decision. *Temporary Protected Status Designated Country: Venezuela*, USCIS.gov, https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela (last visited April 8, 2025) (notifying the public about the California Decision "order[ing] the department to continue TPS for Venezuelans").

At the same time, Defendants have also stated that "DHS has every intention of ending Venezuela TPS as soon as it obtains relief from the court order." *Id*. It is unclear what the status of the Venezuela TPS designations will be if the California Decision is vacated or modified. Necessarily, the deadline by which the original Termination would have been effective—April 7, 2025—will have passed. That creates a real possibility that, if those actions are resurrected, Defendants will act as if they are immediately effective and TPS beneficiaries may lose their status immediately. Even if DHS or the courts order some transition period, it may not afford sufficient time for Plaintiffs to obtain judicial review within the ordinary schedule for briefing motions in this Court.

In this manner, the Court's mootness decision could become substantively prejudicial. This result would be particularly troubling if the Ninth Circuit were to agree that the *National TPS Alliance* plaintiffs are likely to succeed on the merits but accept Defendants' position that relief should be limited to the parties before the California court, given that the parties in this matter timely petitioned for judicial review and completed briefing in time for the Court to grant relief before the deadlines established by the Vacatur and Termination.

5

Plaintiffs accordingly request that the Court clarify that in the event it becomes necessary for Plaintiffs to renew their Motion to Stay, they may do so on the current briefing. Plaintiffs further request that the Court direct the parties to meet and confer and submit a joint status report within 24 hours of any order limiting the effect of the California Decision describing (a) the grounds on which Plaintiffs seek to renew their motion; (b) Defendants' position; and (c) the parties' respective positions on whether supplemental briefing is necessary.

## CONCLUSION

Plaintiffs respectfully request that the Court clarify its April 1, 2025 order as described above and in the annexed [Proposed] Order.

Date: April 8, 2025

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: */s/ Nowell D. Bamberger*
  Nowell D. Bamberger (21111)
  Matthew D. Slater (05582)
  Rathna J. Ramamurthi (*pro hac vice*)
  Madeline Hundley (*pro hac vice*)
  Gillian Isabelle (*pro hac vice*)
  Ava Kazerouni (*pro hac vice*)
  2112 Pennsylvania Ave NW
  Washington, D.C. 20037
  Tel. (202) 974-1500
  Fax (202) 974-1999
  nbamberger@cgsh.com
  mslater@cgsh.com
  rramamurthi@cgsh.com
  mhundley@cgsh.com
  gisabelle@cgsh.com
  akazerouni@cgsh.com

WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS

  Ryan Downer (*pro hac vice*)
  Sarah L. Bessell (30969)
  Madeleine Gates (31508)
  Ellie M. Driscoll (*pro hac vice*)
  700 14th St. #400
  Washington, D.C. 20005
  Tel. (202) 319-1000
  Fax (202) 319-1010
  ryan_downer@washlaw.org
  sarah_bessell@washlaw.org
  madeleine_gates@washlaw.org
  ellie_driscoll@washlaw.org

CASA, INC.

  Nicholas Katz, Esq. (21920)
  Hyattsville, MD 20783
  Tel. 240-491-5743
  nkatz@wearecasa.org

MAKE THE ROAD NEW YORK

>Harold A. Solis (*pro hac vice*)
>Paige Austin (*pro hac vice*)
>301 Grove Street
>Brooklyn, NY 11237
>Tel. (718) 418-7690
>Fax (866) 420-9169
>harold.solis@maketheroadny.org
>paige.austin@maketheroadny.org

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on April 8, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                                */s/ Nowell D. Bamberger*
                                                Nowell D. Bamberger