UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CASA, INC. and MAKE THE ROAD NEW YORK,<br><br>                    *Plaintiffs*,<br><br>        v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>                    *Defendants*. | Case No.: 8:25-cv-00525-GLR |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs CASA, Inc. ("CASA") and Make the Road New York ("MRNY") respectfully submit as supplemental authority the order recently entered in *Haitian Evangelical Clergy Ass'n v. Trump*, Case No. 1:25-cv-01464-BMC (E.D.N.Y. July 1, 2025) ("*HECA*," attached as **Exhibit A**). This decision is relevant to Plaintiffs' pending Motion for Partial Summary Judgment, ECF No. 8, and Defendants' pending Motion to Dismiss, ECF No. 54.

In this recent decision regarding the Secretary of the Department of Homeland Security Kristi Noem's February 24, 2025 "partial vacatur" of Haiti's Temporary Protected Status ("TPS") designation (the "Partial Vacatur"), the district court granted plaintiffs' motion for partial summary judgment and denied in part defendants' motion to dismiss, holding that (1) the Partial Vacatur is judicially reviewable; and (2) Secretary Noem exceeded her authority by partially vacating Haiti's TPS designation. *See HECA* 10–18. The court accordingly set aside the Partial Vacatur pursuant to 5 U.S.C. § 706(2), *id.* at 18, and further granted plaintiffs' motion for postponement of the Partial Vacatur. *See id.* at 23.

1

In *HECA,* the district court rejected the Government's argument—which it also raised in this case—that 8 U.S.C. § 1254a(b)(5)(A) and 8 U.S.C. § 1252(f)(1) bar judicial review of the Partial Vacatur. *See HECA* 10–15. *Contra* Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss 7–14 (April 28, 2025), ECF No. 54 ("Defs.' MTD"); Defs.' Reply in Supp. of Mot. to Dismiss 2–5 (June 2, 2025), ECF No. 60 ("Defs.' MTD Reply"); Defs.' Opp'n to Pls.' Mot. for Partial Summ. J. 7–12 (June 2, 2025), ECF No. 61 ("Defs.' Opp'n"). Specifically, *HECA* held that Section 1254a(b)(5)(A) does not bar judicial review where plaintiffs challenge the Secretary's authority to take the actions at issue or the procedures she followed, and not the "underlying rationale" for the actions. *See HECA* 10–12; *see also* Pls.' Mem. in Supp. of Their Mot. for Partial Summ. J. 11–12 (March 3, 2025), ECF No. 8-1 ("MPSJ"); Pls.' Reply Mem. in Supp. of Their Mot. for Partial Summ. J. 4–5 (June 17, 2025), ECF No. 62 ("MPSJ Reply"). *Contra* Defs.' MTD 7–10; Defs.' MTD Reply 3–4; Defs.' Opp'n 7–11. *HECA* also held that Section 1252(f)(1) does not bar district courts from setting aside unlawful agency actions pursuant to 5 U.S.C. § 706(2). *See HECA* 15. *Contra* Defs.' MTD 11–14; Defs.' MTD Reply 4–5; Defs.' Opp'n 12. Namely, the court reasoned that the Supreme Court has narrowly construed Section 1252(f)(1) as "nothing more or less than a limit on injunctive relief," *HECA* 15 (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481 (1999)), and that the Supreme Court's recent decision restricting universal injunctions "explicitly distinguished between injunctions and orders pursuant to 5 U.S.C. § 706(2)," *HECA* 13 (citing *Trump v. CASA, Inc.*, 606 U.S. ___, 2025 WL 1773631, at *8 n.10 (June 27, 2025)).

On the merits, *HECA* held that because Secretary Noem lacked statutory or inherent authority to partially vacate Haiti's TPS designation, the Partial Vacatur should be set aside as unlawful. *HECA* 18; *see also* MPSJ 19–20, 23; MPSJ Reply 7–9. *Contra* Defs.' MTD 14–17;

Defs.' MTD Reply 5–8; Defs.' Opp'n 13–16.  In its reasoning, the court explained that any "inherent authority to reconsider a decision" is foreclosed when there is "contrary legislative intent or other affirmative evidence," and found such contrary legislative intent in the TPS statute, which "provides specific instructions for how to reconsider a TPS designation" and "a timeline for doing so."  *HECA* 16–17; *see also* MPSJ 23–25; MPSJ Reply 8–10.

Date: July 3, 2025

                    Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  */s/ Nowell D. Bamberger*
     Nowell D. Bamberger (21111)
     Matthew D. Slater (05582)
     Rathna J. Ramamurthi (*pro hac vice*)
     Madeline Hundley (*pro hac vice*)
     Gillian Isabelle (*pro hac vice*)
     Ava Kazerouni (*pro hac vice*)
     2112 Pennsylvania Ave NW
     Washington, D.C. 20037
     Tel. (202) 974-1500
     Fax (202) 974-1999
     nbamberger@cgsh.com
     mslater@cgsh.com
     rramamurthi@cgsh.com
     mhundley@cgsh.com
     gisabelle@cgsh.com
     akazerouni@cgsh.com

WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS

     Ryan Downer (*pro hac vice*)
     Sarah L. Bessell (30969)
     Madeleine Gates (seeking admission to D.Md.)
     Ellie M. Driscoll (*pro hac vice*)
     700 14th St. #400
     Washington, D.C. 20005
     Tel. (202) 319-1000

Fax (202) 319-1010
ryan_downer@washlaw.org
sarah_bessell@washlaw.org
madeleine_gates@washlaw.org
ellie_driscoll@washlaw.org

MAKE THE ROAD NEW YORK

Harold A. Solis (*pro hac vice*)
Paige Austin (*pro hac vice*)
301 Grove Street
Brooklyn, NY 11237
Tel. (718) 418-7690
Fax (866) 420-9169
harold.solis@maketheroadny.org
paige.austin@maketheroadny.org

*Attorneys for Plaintiffs*

4