UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CASA, INC. and MAKE THE ROAD NEW YORK,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>     *Defendants*. | Case No.: 8:25-cv-00525-GLR |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs CASA, Inc. ("CASA") and Make the Road New York ("MRNY") respectfully bring to the Court's attention a recent decision relevant to Plaintiffs' pending Motion for Partial Summary Judgment, ECF No. 8, and Defendants' pending Motion to Dismiss, ECF No. 54.

On January 28, 2026, the Ninth Circuit affirmed the Northern District of California's order setting aside Department of Homeland Security ("DHS") Secretary Kristi Noem's vacatur (the "Vacatur") and termination (the "Termination") of Temporary Protected Status ("TPS") for Venezuela, finding that these decisions went beyond the scope of the statutory authority granted to the Secretary under the TPS statute. *Nat'l TPS All. v. Noem*, Case No. 25-5724 (9th Cir. Jan. 28, 2026) ECF No. 71.1 at 3 ("*Nat'l TPS*," attached as **Exhibit A**).

*First*, the Ninth Circuit rejected the Government's position that 8 U.S.C. § 1254a(b)(5)(A) foreclosed judicial review of challenges to the Secretary's statutory authority. *Nat'l TPS* at 17, 19. The court reaffirmed that the strong presumption favoring judicial review can only be overcome by "clear and convincing evidence of a contrary legislative intent," and it rejected the

Government's argument that the statute's use of "any determination" sufficed to bar review of every agency action that in some fashion touches on a TPS designation, extension, or termination. *Id.* at 18, 20. In particular, the court determined that Section 1254a(b)(5)(A) does not bar challenges to a "practice or procedure employed in making decisions" about TPS, *id.* at 20 (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 491–92 (1991); *Reno v. Cath. Soc. Servs., Inc.*, 509 U.S. 43, 47 (1993)), or claims that the agency exceeded its statutory authority, *id.* at 22.

*Second,* the Ninth Circuit held that 8 U.S.C. § 1252(f)(1) does not bar set-aside relief under Section 706 of the APA. *Id.* at 23–29 (citing *Ali v. Ashcroft*, 346 F.3d 873 (9th Cir. 2003) and *Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010)). Specifically, the court held that Section 1252(f)(1)'s "judicial review bar is limited to injunctive relief," and Section 706 set-asides are not injunctions but are rather "functionally identical to a vacatur." *Id.* at 25, 28. The court found that the Section 706 set-aside of the Vacatur and Termination "did no more than return the country to the status quo," and to hold otherwise would "leave no legal recourse for blatant violations of the TPS statute, such as a Secretary's decision to designate a country for TPS for 10 years," leading to an "absurd result." *Id.* at 29.[1]

*Third,* the Ninth Circuit rejected the Government's argument that the Secretary has "inherent authority to reconsider and vacate the TPS extension[] for Venezuela." *Id.* The court found that any inherent power to correct clerical or ministerial mistakes would not allow an agency to "smuggle in substantive policy changes," as the Vacatur attempts. *Id.* at 29, 32 (finding the Vacatur a "substantive" decision). Likewise, the court held that "an agency cannot claim the

---

[1] In two recent decisions concerning TPS for Burma and Haiti, the U.S. District Courts for the Northern District of Illinois and the District of Columbia, respectively, also rejected the government's arguments about Sections 1254a(b)(5)(A) and 1252(f)(1). *See Doe v. Noem*, ECF No. 51, Case No. 25 C 15483 (N.D. Ill. Jan. 23, 2026); *Miot v. Trump*, ECF No. 124, Case No. 25-cv-02471 (ACR) (D.D.C Feb. 2, 2026).

inherent authority to reconsider or revoke past actions where Congress has addressed the agency's power to do so in the underlying statute," which the TPS statute does. *Id.* at 32–33.

In holding that the Secretary lacked inherent authority to issue the Vacatur, the Ninth Circuit rejected the Government's argument that the TPS statute is "silent as to the Secretary's authority to vacate an extension that has not yet taken effect." *Id.* at 39. To start, the court noted that the 2025 extension *was* in effect at the time of the Vacatur. *Id.* at 39–40 (citing 90 Fed. Reg. 8805, 8807 (Feb. 3, 2025)). As a substantive matter, the court found that the Secretary's claim for vacatur authority would render superfluous and directly contravene Section 1254a(b)(2)(B)'s effective date of termination provision and its 60-day notice provision. *Id.* at 40.

Because the Vacatur was invalid as exceeding the Secretary's statutory authority, the Ninth Circuit held that the Termination was as well. The court found that the TPS statute was clear: Secretary Noem could terminate Venezuela's TPS "with at least sixty days' notice and with an effective date no earlier than October 2026." *Id.* at 41–42. By attempting to terminate Venezuela's TPS with an effective date of April 7, 2025, the Secretary "violated the plain text of the TPS statute." *Id.* at 42. In so deciding, the court agreed with the arguments set forth by Plaintiffs here that as the "Termination was predicated on and inextricably intertwined with the [Vacatur]," therefore "the illegality of the Vacatur must be fatal to the Termination." *Id.* at 43.

*Finally*, the court held that the district court did not abuse its discretion by granting universal relief through the set-aside order. *Id.* at 44–47. The court reasoned that because the plaintiffs "challenge the Secretary's very authority to act," *id.* at 45, and because the court held

that Secretary Noem lacked authority to enact the Vacatur and Termination, "the proper remedy under APA § 706(2) is to set aside her actions and restore the status quo," *id.*[2]

The Ninth Circuit's opinion is compelling authority for the relief Plaintiffs seek in their pending Motion for Partial Summary Judgment. Because the Government has previously challenged the scope of relief afforded by that decision, swift adjudication of Plaintiffs' pending motion remains crucial to Plaintiffs' members and all Venezuelan TPS holders.

Date: February 6, 2026

                                              Respectfully submitted,

                                              CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                              By:  */s/ Nowell D. Bamberger*
                                                     Nowell D. Bamberger (21111)
                                                     Matthew D. Slater (05582)
                                                     Rathna J. Ramamurthi (*pro hac vice*)
                                                     Madeline Hundley (*pro hac vice*)
                                                     Gillian Isabelle (*pro hac vice*)
                                                     Ava Kazerouni (*pro hac vice*)
                                                     2112 Pennsylvania Ave NW
                                                     Washington, D.C. 20037
                                                     Tel. (202) 974-1500
                                                     Fax (202) 974-1999
                                                     nbamberger@cgsh.com
                                                     mslater@cgsh.com
                                                     rramamurthi@cgsh.com
                                                     mhundley@cgsh.com
                                                     gisabelle@cgsh.com
                                                     akazerouni@cgsh.com

---

[2] In affirming the district court's order, the Ninth Circuit rejected the Government's contention that the emergency stay orders issued by the Supreme Court controlled the determination of the case, finding that the "Supreme Court's unreasoned stay orders were 'not conclusive as to the merits.'" *Nat'l TPS* at 14 (citing *Trump v. Boyle*, 606 U.S. --, 145 S. Ct. 1653, 1654 (2025).

WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS

>Ryan Downer (*pro hac vice*)
>Sarah L. Bessell (30969)
>Madeleine Gates (31508)
>700 14th St. #400
>Washington, D.C. 20005
>Tel. (202) 319-1000
>Fax (202) 319-1010
>ryan_downer@washlaw.org
>sarah_bessell@washlaw.org
>madeleine_gates@washlaw.org

MAKE THE ROAD NEW YORK

>Harold A. Solis (*pro hac vice*)
>Paige Austin (*pro hac vice*)
>301 Grove Street
>Brooklyn, NY 11237
>Tel. (718) 418-7690
>Fax (866) 420-9169
>harold.solis@maketheroadny.org
>paige.austin@maketheroadny.org

*Attorneys for Plaintiffs*